UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                                          CHAPTER 13 PROCEEDING

ROBERT JULIAO,                                                  CASE NO. 07-48694

  Debtor.                                                      JUDGE SHAPERO

---

**BRIEF IN SUPPORT OF RESPONSE OPPOSING DEBTOR'S MOTION AGAINST
WELLS FARGO BANK N.A. AND AMERICA'S SERVICING COMPANY
FOR VIOLATION OF THE CO-DEBTOR STAY**

**INTRODUCTION**

In his motion, the Debtor, Robert Juliao, is essentially seeking damages based on a wrong

allegedly suffered by his wife, Tracy R. Juliao.  Specifically, the Debtor appears to be attempting

to state a "Fair Credit Reporting Act" claim on his wife's behalf because Wells Fargo reported to

the credit reporting agencies the status of Tracy R. Juliao's mortgage loan.  As explained below,

the Debtor's motion should be denied.  The Debtor has failed to show that anything Wells Fargo

has done violates 11 U.S.C. § 1301(a) because the reporting of Tracy R. Juliao's mortgage status

was not an attempt to harass or coerce the Debtor to pay his mortgage debt.


**STATEMENT OF FACTS**

The Debtor accurately states that Wells Fargo holds a mortgage on property owned by

the Debtor and Tracy R. Juliao.  Further, the Debtor is correct that Wells Fargo filed a proof of

claim as part of the Debtor's bankruptcy, and that payment under the mortgage loan was to be

part of the Debtor's Chapter 13 plan that was confirmed.  Equally clear is that under 11 U.S.C.

§§ 362 and 1301, there are stays applicable to the Debtor and to those qualifying as a "co-

debtor." This is the most the Debtor has shown.

Wells Fargo's records show that when the Debtor filed for bankruptcy protection on May 2, 2007, he and his wife were current on their mortgage payments on a first and second mortgage secured by their residential property.[1] Currently, the Debtor and his wife's first mortgage is overdue; the Debtor is in default of his post petition obligation. A notice of default was filed on or about November 13, 2008 in the amount of $3,859.40, the amount due from the chapter 13 trustee.

## ARGUMENT

The Debtor has failed to show that Wells Fargo violated 11 U.S.C. § 1301(a) due to any reporting pertaining to Tracy R. Juliao. 11 U.S.C. § 1301(a) provides that:

> Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, *a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor*, or that secured such debt, unless—
>
> > (1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or
> >
> > (2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

In his motion, the Debtor has makes only conclusory allegations. The Debtor has not shown, or even attempted to show through actual evidence, that the credit reporting pertaining to Tracy R. Juliao was an act to collect all or any part of a consumer debt. The Debtor has not offered any authority to show that merely reporting the status of a mortgage debt is an act to collect a debt. *See, Hickson v. Home Federal of Atlanta*, 805 F. Supp. 1567, 1573 (N.D. Ga.

---

[1] In point of fact, the Debtor filed on May 2, 2007, and at that time he and his wife owed their payments on their first and second mortgages for May 1, 2007. However, those payments were not then delinquent.

2

1992) (filing of credit report does not violate § 362). The decision in *In re Singley*, 233 B.R. 170 (S.D. Ga. 1999), is instructive.

In *Singley*, the debtor, Kenneth S. Singley, filed a petition under Chapter 13 of the Bankruptcy Code. American General Finance was one of the debtor's creditors. Velma Singley, was the debtor's wife and co-signor on the debt owed by the debtor to American General. Mrs. Singley did not join her husband's bankruptcy case and did not file her own petition. As a result of debtor's bankruptcy, American General reported to the credit bureau that the Singley's joint account was involved in a Chapter 13 bankruptcy case. Later, the following notation was added to the description of the American General account on Mrs. Singley's credit report:

> AS OF 10/01/97, THIS ACCOUNT IS INCLUDED IN OR COMPLETED
> THROUGH BANKRUPTCY CHAPTER 13. PREVIOUSLY WAS CURRENT
> AND ALL PAYMENTS WERE MADE ON TIME. MONTHS REVIEWED: 11.

Mrs. Singley became aware of this notation when she applied for, but was refused credit at three retail stores and one car dealership. Thereafter, the debtor and Mrs. Singley filed an adversary complaint against American General alleging that American General's report to the credit bureau was an effort to collect the debt from Mrs. Singley, in violation of the co-debtor stay contained in 11 U.S.C. § 1301, and also and attempt to collect from the debtor in violation of 11 U.S.C. § 362. The plaintiffs sought an order from the Court directing American General to delete the notation on Mrs. Singley's credit report and award the damages, including punitive damages.

The court denied American General's motion for summary judgment, but in so doing made several rulings that are applicable here. First, the Court concluded that while 11 U.S.C. § 362 defines the automatic stay as it pertains to a debtor, § 362 "is limited to collection activities asserted against the bankrupt debtor. *Id*. at 173. Section 362 does not stay collection activities directed at individuals who are liable on a listed debt with the debtor, but who have not sought

3

the protection of the Bankruptcy Code. *Id.* The so-called "co-debtor stay" is found in 11 U.S.C. § 1301(a). *Id.* A creditor who attempts to collect a consumer debt from a co-debtor may be found to have violated the co-debtor stay if it can be shown that the creditor acted *with the intent of coercing or harassing the bankrupt debtor into paying the debt. Id.*

In that case, the Court was unable to conclude, based on the facts presented, that American General acted with the intent to collect the debt from the debtor when it reported on Mrs. Singley. *Id.* The Court concluded that American General's intent in making the report to the credit bureau was a disputed question of fact. As such, the court could not rule as a matter of law that a violation of § 1301 had occurred. *Id.* at 174-175. *See also, Mahoney v Washington Mutual, Inc.*, 368 B.R. 579, 589 (W.D. Tex. 2007) (act that violates the discharge injunction must be intentional and, when viewed objectively, would be effective as to the debtor).

In this case, the Debtor is not seeking damages on his own behalf due to an alleged violation of § 362. Rather, as in *Singley*, the Debtor's prayer for relief seeks an order that Wells Fargo violated the §1301 stay "***as to the codebtor***." Although § 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees," no such right applies to claims under § 1301(a). *See*, *Singley, supra* at 174 n. 1. Accordingly, the Debtor's request for damages and attorney fees must be dismissed.

Moreover, the Debtor has not shown by undisputed fact that Wells Fargo willfully violated §1301(a). To do that, it was the Debtor's burden to produce "facts" to show that Wells Fargo made its credit reports with the intent of coercing or harassing the Debtor into paying the mortgage debt. The Debtor has offered no such facts. Rather, the Debtor merely states—in conclusory fashion—that credit reports were made, and that the co-debtor was damaged as a

result. Debtor's Motion at ¶¶ 8-9. The Debtor does not even attempt to argue that these actions were taken with the intent to coerce or harass the Debtor. Section 1301(a) is not a strict liability statute. If Tracy R. Juliao claims she has been damaged by Wells Fargo's actions, she has civil recourse for such claims. Such claims cannot, however, be decided in a summary fashion under the guise of a motion under § 1301(a). For these additional reasons, the Debtor's motion should be denied.

**CONCLUSION AND RELIEF SOUGHT**

Because the Debtor seeks relief under § 1301(a), his request for damages and attorney fees must be denied. Any request for equitable relief under § 1301(a) similarly should be denied because the Debtor has not produced undisputed facts to show that Wells Fargo intentionally made its credit reports with the intent of coercing or harassing the Debtor into paying the mortgage debt. Accordingly, the Debtor's motion should be denied, in its entirety.

Respectfully submitted,

PLUNKETT COONEY

By: /s/DAVID A. LERNER
Attorneys for Wells Fargo
DAVID A. LERNER (P44829)
MATTHEW J. BOETTCHER (P40929)
38505 Woodward Ave., Ste. 2000
Bloomfield Hills, MI 48304
(248) 901-4010
dlerner@plunkettcooney.com
P44829

Dated: November 24, 2008

Blmfield.17807.84527.1052597-1